# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | | |
|---|---|---|
| TIMOTHY L. KNAFEL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 1:09-CV-280-TS |
| | ) | |
| SOCIAL SECURITY ADMINISTRATION, | ) | |
| and THE UNITED STATES OF | ) | |
| AMERICA, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

Timothy L. Knafel, a Plaintiff who is proceeding *pro se* in this matter, filed a Notice of Complaint and Cause of Action for Relief [DE 1] against the Defendants. He also filed an Application to Proceed Without Prepaying Fees or Costs [DE 2], seeking leave to proceed *in forma pauperis*.

## DISCUSSION

Ordinarily, a plaintiff must pay a statutory filing fee of $350 to bring an action in federal court. 28 U.S.C. § 1914(a). However, the federal statute governing proceedings *in forma pauperis*, 28 U.S.C. § 1915, provides indigent litigants an opportunity for meaningful access to the federal courts despite their inability to pay the costs and fees associated with that access. *See Neitzke v. Williams*, 490 U.S. 319, 324 (1989). To authorize a litigant to proceed *in forma pauperis*, a court must make two determinations: (1) whether the litigant is unable to pay the costs of commencing the action, 28 U.S.C. § 1915(a)(1); and (2) whether the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief

against a defendant who is immune from such relief, 28 U.S.C. § 1915(e)(2)(B).

Under the first inquiry, an indigent party may commence an action in federal court, without prepayment of costs and fees, upon submission of an affidavit asserting an inability "to pay such costs or give security therefor." 28 U.S.C. § 1915(a). The Plaintiff's Application contains detailed information regarding his financial condition, but the Court will not address the issue of the Plaintiff's ability to pay because the second inquiry will require the Court to deny his Application and dismiss his Complaint without prejudice.

In assessing whether a petitioner may proceed *in forma pauperis*, a court must look to the sufficiency of a complaint to determine whether it can be construed as stating a claim for which relief can be granted or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §1915(e)(2)(B). District courts have the authority under 28 U.S.C. § 1915(e)(2)(B) to screen complaints even before service of the complaint on the defendants, and must dismiss a complaint that fails to state a claim upon which relief can be granted. *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999). Courts apply the same standard under § 1915(e)(2)(B) as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Cf. Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006) (affirming dismissal of complaint screened under 28 U.S.C. §1915A applying the Rule 12(b)(6) standard).

To state a claim under the federal notice pleading standards, a complaint must only set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Factual allegations are accepted as true and need only give "'fair notice of what the . . . claim is and the grounds upon which it rests.'" *EEOC v. Concentra Health Servs., Inc.,* 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555

(2007)) (other citation omitted). However, a complaint must provide more than labels and conclusions, formulaic recitations of the elements of causes of action, and facts that do not raise a right to relief above the speculative level. *Bell Atl. Corp.*, 550 U.S. at 555. Thus, a plaintiff's allegations must show that his entitlement to relief is plausible, rather than merely speculative. *Tamayo v. Blagojevich,* 526 F.3d 1074, 1083 (7th Cir. 2008). When ruling on Rule 12(b)(6) motions to dismiss, courts accept as true all well-pleaded allegations, view complaints in the light most favorable to the plaintiffs, and draw all reasonable inferences in the plaintiffs' favor. *Id.* at 1081.

It is unclear from the Complaint which claim or claims the Plaintiff intends to assert against the Defendants. The Complaint alleges that the Defendants "fail[ed] to uphold the constitutional rights of [the P]laintiff during a long period of distress and failed to answer a Tort Claim filed Feb. 2004 after [the D]efendant[s] failed to see the light in a disputed bill of overpaid benefits during a disability period and the return to work period of the [P]laintiff." (Compl., DE 1.) The Complaint also states that the Defendants failed to answer the "Tort Claim" and a January 2009 letter and failed to arbitrate in good faith, leaving the Plaintiff with "no recourse, after action to claim my farm government payments against SSA overpayment disputed bill," but to seek "relief in civil judg[]ment against [the D]efendant[s'] claim for payment of disputed overpayment of benefits and money damages of said Tort Claim filed, disrespect by [the D]efendants for [the P]laintiff's civil rights." (Compl., DE 1.)

Even presuming all well-pleaded allegations to be true and viewing them in the light most favorable to the Plaintiff, and accepting as true all reasonable inferences to be drawn from the allegations, the Plaintiff's factual allegations are not enough to raise the Plaintiff's right to

relief above the speculative level. Although it appears that the Plaintiff's grievance against the Defendants involved a disputed overpayment of disability benefits, the Complaint does not indicate what statutory authority this lawsuit is brought under, what constitutional or civil rights were allegedly violated and by what action and/or actors, whether any applicable administrative remedies were exhausted, and what relief is being sought in this action. Therefore, the Plaintiff's request to proceed without prepayment of fees will be denied, and the Complaint will be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). This dismissal will be without prejudice because the Plaintiff may be able to cure the deficiencies in the Complaint.

**CONCLUSION**

For the foregoing reasons, the Court DENIES the Plaintiff's Application to Proceed Without Prepaying Fees or Costs [DE 2] and DISMISSES WITHOUT PREJUDICE the Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The Court GRANTS the Plaintiff up to and including November 20, 2009, to file an amended complaint, accompanied by either the statutory filing fee or another Application to Proceed Without Prepayment of Fees or Costs. If the Plaintiff fails to amend his Complaint within the time allowed, the Clerk will be directed to close this case without further notice to the Plaintiff.

SO ORDERED on October 20, 2009.

    s/ Theresa L. Springmann  
THERESA L. SPRINGMANN  
UNITED STATES DISTRICT COURT  
FORT WAYNE DIVISION